IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LANCE MATHIS, ) | |
| ) | CASE NO. 5:07CV2356 |
| Petitioner, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| JULIUS WILSON, Warden ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

Petitioner, Lance Mathis ("Mathis"), challenges the constitutionality of his conviction in the case of *State v. Mathis*, Summit County Common Pleas Case No. CR2004-0135. Mathis, represented by counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on August 2, 2007, with the United States District Court for the Northern District of Ohio. Respondent Julius Wilson ("Respondent") filed his Answer/Return of Writ on November 20, 2007. (Doc. No. 8.) As of this date, Mathis has not filed a Traverse. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Mathis's petition (Doc. No. 1) be DENIED.

## I. Summary of the Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Mathis's conviction as follows:

> Lance Mathis was convicted of one count of trafficking in marijuana and one count of possession of marijuana after police officers entered his house to investigate a domestic violence call and discovered clumps of marijuana on the floor in plain view. The officers obtained a search warrant and found packaged marijuana throughout the house and in a car in Mr. Mathis's garage. Following a bench trial, Mr. Mathis was found guilty and sentenced to a mandatory term of eight years on each count, to be served concurrently. He has appealed his conviction, arguing that the trial court abused its discretion in allowing the State to reopen its case after Mr. Mathis's motion for acquittal, that the evidence was insufficient to sustain the conviction because the marijuana was identified based on random samplings and no signed laboratory report was presented as to the weight of the marijuana, and that the trial court erred in denying Mr. Mathis's motion to have the marijuana independently weighed. This Court affirms the trial court's judgment because it did not abuse its discretion in allowing the State to reopen its case, the random sampling was sufficient to identify the seized substance as marijuana, no laboratory report was required to establish the weight of the marijuana seized, and Mr. Mathis did not comply with the statutory requirements to obtain an independent measurement of the quantity of marijuana seized.
>
> Mr. Mathis was arrested on January 9, 2004, after police officers discovered a large quantity of marijuana in his house and in a car in a detached garage on the property. He was indicted for violating Section 2925.03(A)(2) of the Ohio Revised Code by trafficking in marijuana and Section 2925.11(A) of the Ohio Revised Code by possessing marijuana. The trial court suppressed the evidence against him, and the State appealed to this Court, which reversed the trial court's ruling and remanded the case for trial. *State v. Mathis*, Summit App. Nos. 22039/22040, 2004 Ohio 6749. Mr. Mathis waived his right to a jury trial and was tried to the court. The trial court found him guilty on both counts. He was sentenced to a mandatory term of eight years in prison on each count, to be served concurrently.

*State v. Mathis*, 2007 Ohio App. LEXIS 2206, 2007-Ohio-2345, ¶¶1-2 (Ohio Ct. App. May 16, 2007).

## II. Procedural Background

**A.     Indictment**

On January 20, 2004, the Summit County Grand Jury returned a four count indictment charging Mathis with one count of marijuana trafficking in violation of Ohio Revised Code ("O.R.C.") § 2925.03(A)(2) and one count of marijuana possession in violation of O.R.C. § 2925.11. (Doc. No. 8, Exhs. 1 & 19.) The remaining two counts of the indictment charged a co-defendant, Roy West, with assault and obstruction of official business. *Id*.

**B.     Suppression Hearing and Related Appeals**

After entering a plea of "not guilty," Mathis filed a motion to suppress on February 6, 2004 arguing that the search of his residence was illegal. (Doc. No. 8, Exh. 2.) After a hearing conducted on March 30, 2004, the trial court granted the motion to suppress, prohibiting the State from introducing evidence related to the seized marijuana.[1] (Doc. No. 8, Exh. 3.) The State of Ohio appealed the trial court's ruling. The Ninth District Court of Appeals ("state appellate court") reversed the trial court and remanded the matter for trial. (Doc. No. 8, Exhs. 4 & 5.) Mathis timely filed an appeal challenging the state appellate court's reversal. In his brief, Mathis raised the following propositions of law:

> It is a violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution for police officers to enter an individual's home without a warrant support [sic] by probable cause.
>
> It is an abuse of appellate review for an appellate court to determine the facts and credibility of witnesses, which is reserved to and the province of the trial court.

(Doc. No. 8, Exh. 6.) The Ohio Supreme Court dismissed the appeal as not involving any

---

[1] The motion also sought dismissal of the charges against co-defendant West, which the trial court also granted. *Id*.

substantial constitutional question. (Doc. No. 8, Exh. 8.) Mathis filed a petition for a writ of certiorari, which was denied on October 3, 2005. (Doc. No. 8, Exh. 9.)

On December 7, 2005, Mathis, represented by new counsel, filed a "Motion for Leave to File Request to Reopen Appeal" pursuant to Ohio App. R. 23. (Doc. No. 8, Exh. 10.) Two days later, Mathis filed an "Amended Request to Reopen Appeal" pursuant to Ohio App. R. 26(B). (Doc. No. 8, Exhs. 11 & 12.) Mathis alleged ineffective assistance of counsel resulted from his prior attorney's simultaneous representation of his co-defendant West during pre-trial proceedings and on appeal. *Id*. On January 3, 2006, the state appellate court denied Mathis's request to re-open his appeal. (Doc. No. 8, Exh. 14.) A subsequent motion for reconsideration was stricken as untimely. (Doc. No. 8, Exhs. 15 & 16.) Mathis filed an appeal with the Supreme Court of Ohio and raised the following assignment of error:

> The appellate court erred in denying Mr. Mathis's Request to Reopen Appeal because Mr. Mathis, as an appellee before the appellate court, is equally entitled to effective assistance of appellate counsel as an appellant before the same – as required by the Sixth Amendment of the United States Constitution, but not mandated by Ohio Appellate Rule 26(B).

(Doc. No. 8, Exh. 17.) On May 10, 2006, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 8, Exh. 18.)

**C.     Trial**

On October 6, 2006, Mathis waived his right to a jury trial. (Doc. No. 8, Exh. 20.) At the close of the State's evidence, Mathis filed a motion to dismiss pursuant to Ohio Crim. R. 29, challenging, among other things, the State's failure to introduce evidence as to the weight of the marijuana seized. (Doc. No. 8, Exh. 21.) The trial court later allowed the State to reopen its case in chief in order to introduce testimony and other evidence confirming the weight of the

marijuana.  (Doc. No. 8, Exh. 23.)  On October 31, 2006, Mathis was found guilty of marijuana trafficking and marijuana possession.  (Doc. No. 8, Exh. 24.)  Mathis was sentenced to eight-year prison terms on each count, which were to be served concurrently.  *Id*.

**D.     Direct Appeal**

Mathis filed an appeal with the state appellate court in which he challenged the trial court's decision allowing the state to reopen its case, the sufficiency of the evidence upholding his convictions, and the trial court's denial of his motion for an independent weight analysis of the marijuana.  (Doc. No. 8, Exh. 25.)  The state appellate court overruled all of the assignments of error and affirmed the trial court's judgment.  *Id*.  Mathis's appeal to the Supreme Court of Ohio was dismissed as not involving any substantial constitutional question.  (Doc. No. 8, Exh. 26.)

**E.     Federal Habeas Petition**

On August 2, 2007, Mathis filed a Petition for Writ of Habeas Corpus and raised the following grounds for relief:

> **Ground One**: Whether Ohio Appellate Rule 26(B) provides appropriate legal redress for Appellees (Mr. Mathis was the Appellee when the present case was initially before the Ninth District Court of Appeals), not represented by effective appellate counsel and were materially prejudiced by such ineffective assistance of appellate counsel;
>
> **Ground Two**: Whether Appellees who are subject to ineffective assistance of appellate counsel and are prejudiced by such ineffective assistance, are subject to the denial of their Sixth Amendment right to effective assistance of counsel due to Ohio Appellate Rule 26(B)'s failure to provide relief to citizens before an appellate court as an Appellee;
>
> **Ground Three**: Whether the appellate court erred in finding that Mr. Mathis failed to provide a reason for the delay in filing his request to reopen; and,
>
> **Ground Four**: Whether the appellate court abused its discretion in not reopening

Mr. Mathis' appeal due to in the ineffectiveness of his appellate counsel.

(Doc. No. 1.)

### III. Procedural Default

The Respondent contends that Mathis's grounds for relief are procedurally defaulted. (Doc. No. 8.) Specifically, the Respondent argues that the state appellate court's denial of Mathis's App. R. 26(B) application to reopen as untimely constituted the enforcement of a state procedural bar. Respondent alternatively argues that Mathis did not fairly present the substance of his claims before the Supreme Court of Ohio. Mathis did not file a traverse.

**A.      Standard**

Procedural default occurs when: (1) a petitioner failed to present his or her federal constitutional claim(s) to the state courts in the manner required by state procedural law; and (2) the state courts imposed the procedural bar of refusing to review the merits of the alleged error. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991).

In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit established a four-step inquiry that guides a district court when a respondent argues that a habeas claim is precluded by a petitioner's failure to observe a state procedural rule. First, "the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, "the court must decide whether the state courts actually enforced the procedural sanction." *Id*. The last state court rendering a reasoned judgment on the matter must "clearly and expressly" state that its judgment rests on such a procedural bar for the doctrine of procedural default to apply. *Coleman*, 501 U.S. at 750 (1991). Third, "the court must decide whether the state procedural forfeiture is an 'adequate and

independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Maupin*, 785 F.2d at 138. A state rule is adequate if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

Finally, a petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006), *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003), *citing Strickler v. Greene*, 527 U.S. 263, 289 (1999).

**B.     Application to Mathis**

Mathis first raised his claims before the state appellate court in an application to reopen

pursuant to Ohio App. R. 26(B).[2]  (Doc. No. 8, Exh 12.)  The state appellate court found that Mathis's motion was untimely and that he failed to provide sufficient reason for his untimeliness.  (Doc. No. 8, Exh. 14.)  The state appellate court further noted that Mathis failed to set forth any assignments of error as required by Ohio App. R. 26(B)(1)(c).  *Id*.  Based on his failure to comply with the provisions of Ohio App. R. 26(B), Mathis's application to reopen was denied.  *Id*.

The first two prongs of the *Maupin* test are satisfied.  Ohio App. R. 26(B), which requires applications for re-opening to be filed within ninety days of an appellate judgment and to set forth assignments of error, is applicable to Mathis's claim, but Mathis failed to comply with the rule.  Second, the state appellate court expressly enforced the state procedural sanction.  Thus, the dispositive issue is whether Ohio App. R. 26(B) constitutes an "adequate and independent" state ground.  *See Maupin*, 785 F.2d at 138.  Ohio App. R. 26(B) is an  "independent" ground as it is not dependent on federal constitutional rulings.  *See, Ake*, 470 U.S. at 75.  Furthermore, pursuant to Sixth Circuit precedent, Ohio App. R. 26(B) is also "adequate" in non-capital cases as it is regularly or consistently applied by the state courts.  *See, e.g., Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002); *Parker v. Bagley*, 2006 U.S. Dist. LEXIS 63499 at **18-20 (N.D. Ohio Sept. 6, 2006); *see also Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001) (finding petitioner's argument – that Ohio App. R. 26(B) is not an adequate and independent state ground to foreclose habeas review – unpersuasive); *Wickline v. Mitchell*, 319 F.3d 813, 823 (6th Cir. 2003) (finding petitioner's ineffective assistance of appellate counsel claim was procedurally

---

[2]  Notably, Mathis raised these issues before trial, as they were related to the earlier appeal concerning his motion to suppress.

defaulted for failing to timely file under Ohio App. R. 26(B)).

Thus, Mathis's claims are procedurally defaulted and cannot be considered by this Court unless Mathis can demonstrate "cause" for the procedural default and "actual prejudice" from the alleged error. Mathis has not filed a Traverse and has not presented the Court with any argument that would allow the Court to excuse his procedural default. As such, his petition should be denied as procedurally defaulted.

Assuming *arguendo* that Mathis's claims were not procedurally defaulted, his petition remains unpersuasive. Despite being represented by counsel, Mathis's grounds for relief are unclear. Grounds one and two of Mathis's petition appear to state only one claim, which this Court construes as an argument challenging whether Ohio App. R. 26(B) provides defendants with a constitutionally sufficient avenue to raise challenges to the effectiveness of appellate counsel. Grounds three and four challenge the state appellate court's application of state procedural rules. However, Mathis's memorandum in support of his petition fails to set forth any meaningful argument. Mathis does not explain why he believes Ohio App. R. 26(B) is a constitutionally deficient avenue for raising ineffective assistance of appellate counsel claims, nor does he cite any law to support his position. Likewise, Mathis fails to support grounds three and four of his petition.[3] The Sixth Circuit has found that habeas claims "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

---

[3] In his memorandum in support of his petition, after listing his grounds for relief, Mathis cites three pages of boilerplate law concerning the general standards and procedures to be applied in federal habeas cases. (Doc. No. 1 at 9-11.) Thereafter, Mathis concludes with a brief paragraph asserting, in a summary manner, that he would have prevailed on the suppression issue but for appellate counsel's ineffectiveness. *Id*. at 12. Also, without explanation, Mathis asserts that the state appellate court was "remiss in refusing to reopen his appeal." *Id*.

waived." *See Maldonado v. Wilson*, 416 F.3d 470, 478 (6th Cir. 2005), *quoting McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997); *accord Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004); *Bridges v. Cason*, 198 Fed. Appx. 491, 496 (6th Cir. 2006) (finding that the mere allegation of a Sixth Amendment violation, without developed argumentation, resulted in a waived claim).  As Mathis has failed to develop any meaningful argument or analysis with respect to any of the grounds for relief raised in his petition, they are waived.

Further, grounds three and four of Mathis's petition do not raise claims cognizable on federal habeas review, as they assert errors in the state appellate court's findings that are not based on federal law.  A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Nonetheless, a federal court may provide habeas relief if a state court's error in interpreting or applying its own laws rendered a defendant's trial so "fundamentally unfair" as to have deprived appellant of substantive due process.  *Id*.  Here, however, Mathis has not alleged the state appellate's court denial of his application to reopen resulted in a fundamentally unfair trial.  Generally, "fundamental fairness" has little application to pretrial proceedings and "that application is limited to events or circumstances that affect or tend to affect the fairness of the trial."  *Hutchison v. Marshall*, 744 F.2d 44, 47 (6th Cir. 1984).  In the instant case, Mathis's application to reopen preceded his actual trial and is properly characterized as a pretrial proceeding.  Mathis has not explained how a decision declining to reopen his pretrial appeal resulted in a deprivation of fundamental fairness.

10

## IV. Conclusion

For the foregoing reasons, it is recommended that Mathis's petition (Doc. No. 1) be DENIED.

s/ Greg White
U.S. Magistrate Judge

Date: July 7, 2008

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**